

**PROTECT the PUBLIC'S TRUST**

_VIA ELECTRONIC MAIL_                                              June 1, 2021

U.S. Department of Education
Office of the Executive Secretariat
400 Maryland Ave., SW, LBJ 7W104
Washington, DC 20202-4500
Attn: FOIA Service Center
EDFOIAManager@ed.gov

**Re: Ethics waivers or impartiality determinations for political appointees**

Dear FOIA Officer,

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, _as amended_ (FOIA), from the Protect the Public's Trust (PPT), a non-profit organization dedicated to promoting ethics in government and restoring the public's trust in government officials.

### Records Requested

PPT requests the following records from the U.S. Department of Education (the Department)'s Office of the General Counsel:

> From November 23, 2020 through the date this request is processed, all waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge. This request also includes any records and communications between employees of the Office of the General Counsel, as well as any records and communications between the Office of the General Counsel and any political appointees regarding waivers or impartiality determinations.

For this request, the term "all records" refers to, but is not limited to, any and all documents, correspondence (including, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals outside the federal government), emails, text messages letters, notes, telephone records, telephone notes, minutes, memoranda, comments, files, presentations, consultations, biological opinions, assessments, evaluations, schedules, telephone logs, digital logs such as those produced by Microsoft Teams (including Teams file folders or collaborative work documents housed in Teams), papers published, and/or unpublished, reports, studies, photographs and other images, data (including raw data, GPS or GIS data, UTM, LiDAR, etc.), maps, and/or all other responsive records, in draft or final form.



This request is not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this request. If you or your office have destroyed or determine to withhold any records that could be reasonably construed to be responsive to this request, I ask that you indicate this fact and the reasons therefore in your response.

Under the FOIA Improvement Act of 2016, agencies are prohibited from denying requests for information under the FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption. FOIA Improvement Act of 2016 (Public Law No. 114-185), codified at 5 U.S.C. § 552(a)(8)(A).

Should you decide to invoke a FOIA exemption, please include sufficient information for us to assess the basis for the exemption, including any interest(s) that would be harmed by release. Please include a detailed ledger which includes:

1.  Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item; and

2.  Complete explanations and justifications for the withholding, including the specific exemption(s) under which the record (or portion thereof) was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justification may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and mail the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

PPT is willing to receive records on a rolling basis.

These communications could be very relevant to understanding the ethics compliance of political leadership at the Department and educate the public about any appointees who have been granted exemptions from any part of their ethical obligations, the reason for such exemptions, and which particular matters those appointees are now permitted to participate in as a result of receiving the exemptions. We request that the FOIA office use the Department's electronic records storage system to search and process this request.

The number of records requested should be of such limited number and in the custody of a select group of ethics officials that the request should be placed in the Simple track. If for some reason, you determine that another track is more suitable, please identify the reason for the decision and track.



Finally, FOIA's "frequently requested record" provision was enacted as part of the 1996 Electronic Freedom of Information Act Amendments, and requires all federal agencies to give "reading room" treatment to any FOIA-processed records that, "because of the nature of their subject matter, the agency determines have become the subject of subsequent requests for substantially the same records." 5 U.S.C. § 552(a)(2)(D)(ii)(I). Also, enacted as part of the 2016 FOIA Improvement Act, FOIA's Rule of 3 requires all federal agencies to proactively "make available for public inspection in an electronic format" "copies of records, regardless of form or format ... that have been released to any person … and … that have been requested 3 or more times." 5 U.S.C. § 552(a)(2)(D)(ii)(I).  Therefore, we respectfully request that you make available online any records that the agency determines will become the subject of subsequent requests for substantially the same records, and records that have been requested three or more times.

## Format of Requested Records

Under FOIA, you are obligated to provide records in a readily accessible electronic format and in the format requested. See, e.g., 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."). "Readily accessible" means text-searchable and OCR-formatted. See 5 U.S.C. § 552(a)(3)(B). We ask that you please provide all records in an electronic format. Additionally, please provide the records either in (1) load-ready format with a CSV file index or Excel spreadsheet, or; (2) for files that are in .PDF format, without any "portfolios" or "embedded files." Portfolios and embedded files within files are not readily accessible. Please do not provide the records in a single, or "batched," .PDF file. We appreciate the inclusion of an index.

If you should seek to withhold or redact any responsive records, we request that you: (1) identify each such record with specificity (including date, author, recipient, and parties copied); (2) explain in full the basis for withholding responsive material; and (3) provide all segregable portions of the records for which you claim a specific exemption. 5 U.S.C. § 552(b). Please correlate any redactions with specific exemptions under FOIA.

## Fee Waiver Request

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5



U.S.C. § 552(a)(4)(A)(iii). FOIA's fee waiver requirement is "liberally construed." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003); *Forest Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005).

The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as PPT access to government records without the payment of fees. Indeed, FOIA's fee waiver provision was intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups." *Ettlinger v. FBI*, 596 F.Supp. 867, 872 (D. Mass. 1984) (emphasis added). As one Senator stated, "[a]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information ...." 132 Cong. Rec. S. 14298 (statement of Senator Leahy).

## I. PPT Qualifies for a Fee Waiver.

Under FOIA, a party is entitled to a fee waiver when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The Education FOIA regulations at 34 C.F.R. § 5.33(b)-(c) establish the same standard.

Thus, the Department must consider four factors to determine whether a request is in the public interest: (1) whether the subject of the requested records concerns "the operations or activities of the Federal government," (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject, and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. 34 C.F.R. § 5.33(b)-(c). As shown below, PPT meets each of these factors.

### A. The Subject of This Request Concerns "The Operations and Activities of the Government."

The subject matter of this request concerns the operations and activities of the Department. This request asks for: All waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge. This request also includes any records and communications between employees of the Office of the General Counsel, as well as any records and communications between the Office of the General Counsel and any political appointees regarding waivers or impartiality determinations.



B. Disclosure is "Likely to Contribute" to an Understanding of Government Operations
or Activities.

The requested records are meaningfully informative about government operations or
activities and will contribute to an increased understanding of those operations and
activities by the public.

Disclosure of the requested records will allow PPT to convey to the public information
about any appointees who have been granted waivers or impartiality determinations from
any part of their ethical obligations, the reason for such waivers or determinations, and
which particular matters those appointees are now permitted to participate in as a result of
receiving those waivers or determinations. After disclosing the requesting records, PPT
will inform the public about their findings in order to ensure decisions are being made
consistent with the law. Once the information is made available, PPT will analyze it and
present it to its followers and the general public in a manner that will meaningfully
enhance the public's understanding of this topic.

Thus, the requested records are likely to contribute to an understanding of the
Department's operations and activities.

C. Disclosure of the Requested Records Will Contribute to a Reasonably Broad Audience
of Interested Persons' Understanding of the Ethics Obligations of Non-Career Appointees
at the Department of Education.

The requested records will contribute to public understanding of the ethics compliance of
political appointees at the Department. As explained above, the records will contribute to
public understanding of this topic.

Ethics obligations exist to reduce the likelihood that senior government officials are
making decisions in a biased or arbitrary manner or to benefit the interests of former
employers, clients or related parties. Ensuring the avoidance of conflicts of interest or the
appearance of bias is of interest to a reasonably broad segment of the public. Any
exemptions granted to political appointees from those obligations are also of interest to
many members of the public. PPT will use the information it obtains from the disclosed
records to educate the public at large about any ethics waivers or impartiality
determinations granted to those individuals making the Department's most important
decisions. *See W. Watersheds Proj. v. Brown*, 318 F.Supp.2d 1036, 1040 (D. Idaho 2004)
("... find[ing] that WWP adequately specified the public interest to be served, that is,
educating the public about the ecological conditions of the land managed by the BLM
and also how ... management strategies employed by the BLM may adversely affect the
environment.").

Through PPT's synthesis and dissemination (by means discussed in Section II, below),
disclosure of information contained and gleaned from the requested records will



contribute to a broad audience of persons who are interested in the subject matter. *Ettlinger v. FBI*, 596 F.Supp. at 876 (benefit to a population group of some size distinct from the requester alone is sufficient); *Carney v. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (applying "public" to require a sufficient "breadth of benefit" beyond the requester's own interests); *Cmty. Legal Servs. v. Dep't of Hous. & Urban Dev.*, 405 F.Supp.2d 553, 557 (E.D. Pa. 2005) (in granting fee waiver to community legal group, court noted that while the requester's "work by its nature is unlikely to reach a very general audience," "there is a segment of the public that is interested in its work").

Indeed, the public does not currently have an ability to easily evaluate the requested records, which concern waivers and impartiality determinations granted to political appointees. We are also unaware of any previous release to the public of these or similar records. See *Cmty. Legal Servs. v. HUD*, 405 F.Supp.2d 553, 560 (D. Pa. 2005) (because requested records "clarify important facts" about agency policy, "the CLS request would likely shed light on information that is new to the interested public."). As the Ninth Circuit observed in *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1286 (9th Cir. 1987), "[FOIA] legislative history suggests that information [has more potential to contribute to public understanding] to the degree that the information is new and supports public oversight of agency operations...."

Disclosure of these records is not only "likely to contribute," but is certain to contribute, to public understanding of which political appointees have received waivers or impartiality determination releasing them from any part of their ethical obligations. The public is always well served when it knows how the government conducts its activities, particularly matters touching on ethics questions. Hence, there can be no dispute that disclosure of the requested records to the public will educate the public about the ethics waivers and impartiality determinations issued to those charged with running the Department.

   D. Disclosure is Likely to Contribute Significantly to Public Understanding of
             Government Operations or Activities.

PPT is not requesting these records merely for their intrinsic informational value. Disclosure of the requested records will significantly enhance the public's understanding of any ethics waivers or impartiality determinations granted to Biden Administration political appointees exempting them from any part of their ethical obligations as compared to the level of public understanding that exists prior to the disclosure. Indeed, public understanding will be significantly increased as a result of disclosure.

The records are also certain to shed light on the Department's compliance with its own mission and responsibility to promote student achievement and preparation for global competitiveness. Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, PPT meets this factor as well.



II. PPT has the Ability to Disseminate the Requested Information Broadly.

PPT is a non-profit organization that informs, educates, and counsels the public about the importance of government officials acting consistently with their ethics obligations. A key component of being able to fulfill this mission and educate the public about these duties is access to information that articulates what obligations exist for senior government officials. PPT intends to publish information from requested records on its website, distribute the records and expert analysis to its followers through social media channels including Twitter, Facebook, and other similar platforms. PPT also has a robust network of reporters, bloggers, and media publications interested in its content and that have durable relationships with the organization. PPT intends to use any or all of these far-reaching media outlets to share with the public information obtained as a result of this request.

Through these means, PPT will ensure: (1) that the information requested contributes significantly to the public's understanding of the government's operations or activities; (2) that the information enhances the public's understanding to a greater degree than currently exists; (3) that PPT possesses the expertise to explain the requested information to the public; (4) that PPT possesses the ability to disseminate the requested information to the general public; (5) and that the news media recognizes PPT as a reliable source in the field of government ethics and conduct.

Public oversight and enhanced understanding of the Department's duties is absolutely necessary. In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject. *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994). PPT need not show how it intends to distribute the information, because "[n]othing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity." *Judicial Watch*, 326 F.3d at 1314. It is sufficient for PPT to show how it distributes information to the public generally. *Id*.

III. Obtaining the Requested Records is of No Commercial Interest to PPT.

Access to government records, disclosure forms, and similar materials through FOIA requests is essential to PPT's role of educating the general public. PPT is a 501(c)(3) nonprofit organization with supporters and members of the public who seek a transparent, ethical and impartial government that makes decisions in the best interests of all Americans, not former employers and special interests. PPT has no commercial interest and will realize no commercial benefit from the release of the requested records.



IV. Conclusion

For all of the foregoing reasons, PPT qualifies for a full fee waiver. We hope that the Department will immediately grant this fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

If you have any questions, please contact me at foia@protectpublicstrust.org. All records and any related correspondence should be sent to my attention at the address below.


Sincerely,


Morgan Yardis
Research and Publication Associate
foia@protectpublicstrust.org